ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 6167
PERRY, SPANN & WESTBROOK
A Professional Corporation
1701 W. Charleston Blvd., #200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perryspann.com
Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

```
___ FILED      ___ RECEIVED
___ ENTERED    ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         DEC 13 2010

     CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HELM, | ) |
| Plaintiff, | ) Case No.: 3-10-cv-00026-ECR-RAM |
| v. | ) |
| HOME DEPOT, U.S.A., INC. a corporation registered or authorized to do business in Nevada and DOES 1-25, inclusive, | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Subject to approval of this Court, the parties hereby stipulate to the following Protective Order.

1. All documents, materials, items, and/or information which contain or comprise proprietary, confidential, development and/or commercial information produced

Page 1 of 7

by Defendant to Plaintiff shall be governed by this Protective Order.

2. Any information as defined above produced by Defendant, HOME DEPOT, U.S.A., INC. as part of discovery in this action may be designated "Confidential." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things of a proprietary business nature which might be of value to a potential competitor of the Defendant holding the proprietary rights thereto, and which must be protected from disclosure to any such third parties. Absent a specific order by this Court., information once designated as "Confidential" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such information shall not be disclosed to anyone except as provided herein.

3. To come within the provisions of this Protective Order, the producing party shall designate, in writing, the documents, information, or portions thereof it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" by the producing party. In the instance of depositions, counsel may, in the record of the

deposition, designate the transcript or portion thereof as "Confidential" and only those identified in paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his/her counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel that testimony about to be given is deemed "Confidential." The designations should be made on the record whenever possible, but a party may designate portions of a deposition "Confidential" provided written notice of such designation is given no later than fifteen (15) days following receipt of the deposition transcript.

    A.    Either party may invoke the provisions of this Protective Order retroactively, to designate information or deposition testimony provided during the discovery period of this litigation prior to the execution of, and entry of, this Stipulation and Order by complying with the designation provisions of this Stipulated Protective Order within fifteen (15) days of the entry of this Order by the Court.

4.    Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation.

5. Documents, deposition testimony, or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given shown, made available to, or communicated in any way only to (a) the trial counsel designated on the pleadings for the law firms of record in this action and those of their staff and independent contractors to whom it is necessary that the materials be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof and pursuant to the provisions of Paragraph 7 hereof.

6. For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person who is <u>not</u> an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7. The procedure for having a consultant or expert obtain copies of the information which is the subject of this Protective Order and designated "Confidential" shall be as follows:

    (a) The party providing the information to a consultant, as defined in paragraph 6 hereof, shall obtain a written acknowledgment in the form of Exhibit 1 attached hereto, signed by the consultant, that the consultant has read this Protective Order and agrees to be bound by its terms.

    (b) Further, this executed form of Exhibit 1 is to be retained in the file of Plaintiff's counsel through the pendency of the case and beyond as recovered by American Bar Association retention requirements.

Page 4 of 7

8. All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices or the offices of the expert or consultant and access to those documents and facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5 and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. All counsel for the parties and consultants and experts who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9. All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices or the offices of the expert or consultant and access to those documents and facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5 and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality. All counsel for the parties and consultants and experts who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

10. If a party determines that any pages or parts of court papers, discovery responses, production of documents or things, deposition transcripts or any other production made during the course of this litigation which has been designated as containing "Confidential," or any document purporting to reproduce or paraphrase such "Confidential" materials is required to be filed with the Court, the party seeking to file such materials with the Court must first seek an Order from the Court to file such "Confidential" materials under seal by filing a Motion for

Order to File Materials Under Seal, and allowing the other parties, if necessary, the opportunity to file a Motion, Joinder or Opposition setting forth the basis for the "good cause" or "compelling reasoning" that the "Confidential" materials be sealed by the Court consistent with the holding set forth in <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir., 2006).

11.  If any document or information designated to be "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

12.  If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically, identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.

13.  The trial statements submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of

Paragraph 11 of this Protective Order.

14. The terms of this Protective Order shall apply to all manner and means of discovery, including inspection of records, documents, and tangible things.

15. This Protective Order shall be effective on the date entered by the Court.

16. At the conclusion of this action all originally produced confidential materials and/or information shall be placed in counsel's closed and sealed file and retained solely for the purposes of required retention and shall not be used in future cases, or disseminated in any manner. Further, any extra or additional copies of such confidential materials and/or information shall be destroyed within 30 days of the conclusion of this action.

IT IS SO STIPULATED this 13th day of December, 2010.

| PERRY, SPANN & WESTBOOK | STEVEN J. KLEARMAN & ASSOCIATES |
|---|---|
| A Professional Corporation | |
| /s/ Alan W. Westbrook | /s/ Steven J. Klearman |
| ALAN W. WESTBROOK, ESQ. | STEVEN J. KLEARMAN, ESQ. |
| Nevada Bar No. 6167 | Nevada Bar No. 3471 |
| 1701 W. Charleston, #200 | 437 W. Plumb Lane |
| Las Vegas, NV 89102 | Reno, NV 89509 |
| Telephone: (702) 870-2400 | Telephone: (775) 323-3700 |
| Facsimile: (702) 870-8220 | Facsimile: (775) 323-3762 |
| E-Mail: awestbrook@perryspann.com | E-Mail: Steve@InjuryLitigators.com |
| Attorneys for Defendant | Attorneys for Plaintiff |

IT IS SO ORDERED this 13th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Page 7 of 7